**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

JOSE PATRICIO-MORALES                    CASE NO.  3:26-CV-00877 SEC P

VERSUS                                   JUDGE JAMES D. CAIN, JR.

TIMOTHY DUCOTE ET AL                     MAG. JUDGE KAYLA D. MCCLUSKY

**MEMORANDUM  ORDER**

Before the court is a Motion for Reconsideration [doc. 16] filed under Federal Rule of Civil Procedure 59(e) by petitioner Jose Patricio-Morales. Petitioner, a Mexican national in ICE detention, seeks a reversal of the court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. Respondents oppose the motion. Doc. 18.

"Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *McAlpine v. Porsche Cars N. Am. Inc.*, 428 F. App'x 261, 263 (5th Cir. 2010) (per curiam) (citing *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). "While the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment,' denial of Rule 59(e) motions to alter or amend is favored." *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D. La. Oct. 11, 2013) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)). A motion to alter or amend is "an

extraordinary remedy that should be used sparingly." *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021).

Petitioner seeks Rule 59(e) relief in reliance on a California district court decision certifying a class of individuals with pending principal or derivative U visa petitions, T visa petitions, or VAWA petitions whom ICE has detained or seeks to detain for civil immigration enforcement. The district court stayed ICE guidance issued in 2025, which provided that ICE officers are not required to consider an immigrant's potential VAWA qualification in deciding whether to take civil immigration enforcement action. *Immigration Ctr. for Women and Children v. Noem* ("ICWC"), 2026 WL 1455004 (C.D. Cal. May 20, 2026), *appeal filed*, No. 26-3961 (9th Cir.). Petitioner also cites progress in his appeal before the BIA as a change in circumstance prompting reconsideration. Doc. 16. As another court in this district recently pointed out, *ICWC* remains pending in another district and is presently in a preliminary posture. Accordingly, other courts have declined to grant preliminary injunctive relief to purported class members. *See Rauda Choto v. Ladwig*, 2026 WL 1652576, at *1–*2 (W.D. La. Jun. 8, 2026) (collecting cases). Since that time, the government has also filed an appeal of the district court's decision in *ICWC*. Additionally, petitioner's BIA appeal was pending when the court entered its judgment. Progress therein is routine and does not warrant the extraordinary relief provided by Rule 59(e). Accordingly, **IT IS ORDERED** that the Motion for Reconsideration [doc. 16] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers  on the 20th day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**